IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LACRECIA LEGG, an Administratrix of
the Estate of MARK SUTPHIN HANNA,

          Plaintiff,

v.                                  CIVIL ACTION NO. 2:05-0540

KLLM, Inc., a Texas corporation;
GUSTAVO JIMENEZ d/b/a SOUTHWEST FREIGHTLINES,
a Texas corporation; KEITH JAMES PEIRCE, an individual; and
MANUEL HERNANDEZ MEDRANO, an individual,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants KLLM, Inc., and Keith James Pierce's [Defendants] Motion to Dismiss Or, in the Alternative, Motion to Transfer the Action to the United States District Court for the Southern District of Indiana Or, in the Second Alternative, Motion to Stay the Proceeding Pending the Final Outcome of *KLLM, Inc. v. Legg* in the Circuit Court of Hendricks County, Indiana. Plaintiff's filed an untimely response requesting the Court to accept the late filing. Although Plaintiff's response is admittedly untimely, this Court will accept the response and decide the motion on its merits. For the following reasons, the Court **GRANTS** the Defendants' motion to dismiss.

**I. FACTUAL BACKGROUND**

On May 18, 2003, Mark Sutphin Hanna [Hanna], a West Virginia resident, was hitchhiking for a ride in Louisville, Kentucky. Defendant Pierce, driving a tractor-trailer on behalf of KLLM, offered Hanna a ride. Once they reached Louisville, Hanna attempted to telephone his friend that

he was visiting, but was unable to do so. Pierce suggested that Hanna continue traveling with him to his drop-off location in Hebron, Kentucky and Hanna agreed. After unloading in Hebron, Pierce discovered that he was being sent to a company in Indianapolis, Indiana to pick up another delivery. Pierce told Hanna that after the pick up in Indianapolis, he would return Hanna to Louisville. After picking up the delivery in Indianapolis, Pierce began driving towards Louisville as he promised Hanna.

On May 20, 2003, Pierce pulled into a rest area in Hendricks County, Indiana. Pierce attempted to park the tractor-trailer, but realized that it would not fit in the parking spot. According to the Plaintiff, Pierce asked Hanna to exit the truck and assist him in backing up the vehicle. Plaintiff further claims that Pierce moved the tractor-trailer backwards even though he could not see Hanna. Hanna became pinned between the tractor-trailer driven by Pierce and another parked tractor-trailer. Hanna died as the result of the injuries.

On June 2, 2003, KLLM filed a complaint for declaratory judgment in the Circuit Court of Hendricks County, Indiana against the Lacrecia Legg, as Personal Representative of the Estate of Mark Suphin Hanna. KLLM sought judgment that Hanna was a hitchhiker in accordance with Indiana's Guest Statute.[1] The Circuit Court held that the Guest Statute did not apply. The Defendants appealed this decision to the Court of Appeals of Indiana. On April 27, 2005, the Court of Appeals reversed the Circuit Court's decision holding that the Guest Statute was applicable. On

---

[1]The Guest Statute provides:
> The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of:
> ...
> (6) a hitchhiker;
> resulting from the operation of the motor vehicle while the...hitchhiker was being transported without payment in or upon the motor vehicle unless the injuries or death are caused by the wanton or willful misconduct of the operator, owner, or person responsible for the operation of the motor vehicle.

Ind. Code § 34-30-11-1 (1999).

May 28, 2005, Plaintiff filed the current action in the Circuit Court of Kanawha County, West Virginia which was subsequently removed by the Defendants. Defendants filed their Motion to Dismiss on July 1, 2005. On August 25, 2005, the Supreme Court of Indiana denied review of the Court of Appeals decision. Therefore, the Court of Appeals decision that the Guest Statute was applicable became the final judgment on the matter.

## II.  APPLICABLE LAW

**A.  Full Faith and Credit of the Indiana Court of Appeals Decision Applying the Guest Statute**

As an initial matter, the parties disagree about the effect of the Indiana Court of Appeals decision holding that the Guest Statute is applicable to the facts of this case. Defendants argue that this Court must afford that decision full faith and credit. The Plaintiff argues that while Indiana's interpretation of the Guest Statute should be given full faith and credit, choice of law issues have not yet been addressed in either the Indiana courts or the courts in West Virginia. This Court agrees with Defendants that the Indiana court decision applying its Guest Statute is entitled to full faith and credit.

Under Article IV, Section 1, of the United States Constitution, courts in West Virginia will give the valid judgment of a court of another state full faith and credit if that state had jurisdiction over the parties and subject matter. *See Johnson v. Huntington Moving & Storage Inc.*, 239 S.E.2d 128, 130-131 (W.Va. 1977). In accordance with this mandate, states are required to "give to a judgment at least the res judicata effect which the judgment would be accorded in the State which rendered it." *Durfee v. Duke*, 375 U.S. 106, 109 (1963); *Jordache Enter. v. Nat. Union Fire Ins. Co. of Pittsburgh, Pa.*, 513 S.E.2d 692, 701 (W.Va. 1998).

Under the doctrine of res judicata in Indiana, "a judgment rendered on the merits is an absolute bar to a subsequent action between the same parties or those in privy with them on the same claim or demand." *Gill v. Pollert*, 810 N.E.2d 1050, 1057 (Ind. 2004). A declaratory judgment decision in Indiana has the "force and effect of final judgments." *Indiana Farmers Mut. Ins. Co. v. Ellison*, 679 N.E.2d 1378, 1380 (Ind. Ct. App. 1997); *see also* RESTATEMENT(SECOND) OF JUDGMENTS § 33 (1982)("A valid and final judgment in an action to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action.").

Applying these principles, the Court concludes that it must apply Indiana's Guest Statute. The current action is between the same parties involving the same claim. The Indiana judgment was rendered on its merits, and is a final judgment, having made its way through the Indiana court system. Therefore, on the issue as to whether the Guest Statute applies, the previous judgment by the Indiana Court of Appeals must be applied by this Court.

Before proceeding to decide the motion on its merits, this Court should briefly comment on the suggestion by Plaintiff that choice of law issues have not been decided by any Indiana or West Virginia court. Additionally, Plaintiff argues that should the choice of law be resolved in favor of Indiana law, this Court cannot apply the Indiana Guest Statute because it contravenes West Virginia state policy. This Court first notes that any choice of law argument by Plaintiff was waived when she failed to assert it at the declaratory judgment action in Indiana. *See Sword v. NKC Hospitals, Inc.*, 714 N.E.2d 142, 146 (Ind. 1999)(choice of law argument waived when party failed to give reasonable notice of such issue; trial court correctly applied Indiana law as presumptive law). This

Court must adhere to principles of res judicata and apply the previous judgment interpreting the chosen law of Indiana.

Secondly, this Court will afford previous judgments full faith and credit even if they contravene West Virginia state policy. The Plaintiff cites to the case *Paul v. National Life* to suggest that this Court cannot apply the Guest Statute. 352 S.E.2d 550 (W.Va. 1986)(refusing to apply Indiana's Guest Statute). Unlike the current action, that case did not involve a previous final judgment. The *Paul* court carved out an exception to its general choice of law rule of *lex loci delicti,* and held that when the law of foreign jurisdictions is contrary to West Virginia policy, then courts should apply West Virginia law. Plaintiff fails to cite to a case decided seven years after *Paul* which presented a factually similar issue as the present case. In *Clark v. Rockwell*, the plaintiff filed an action in West Virginia courts for injuries sustained in a car accident occurring in West Virginia involving an insurance policy issued in Maryland. 435 S.E.2d 664, 665 (W.Va. 1993). The insurance company filed a declaratory judgment action in Maryland resulting in the determination that Maryland law applied to the case. *Id.* The plaintiff filed in West Virginia in part to take advantage of the state's public policy of broad underinsured motorist coverage, as opposed to Maryland's limited underinsured coverage. *Id.* In the action in West Virginia, the court held that even if the Maryland court's judgment contravened West Virginia public policy, the "forum state's public policy cannot override the enforcement of a valid judgment rendered in a sister state." *Id.* at 667. Thus, even should the application of the Indiana Guest Statute violate public policy of West Virginia, this Court is required to give full faith and credit to that judgment. The Court now turns to the merits.

**B.	Standard for Motion to Dismiss**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defending party may move to dismiss if the pleading party has failed to state a claim for which relief may be granted. A Rule 12(b)(6) motion tests the sufficiency of the pleading. It does not resolve factual disputes, "the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering the motion, the claims must be viewed in the light most favorable to the non-moving party and all allegations accepted as true. *Id*. Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The motion to dismiss for failure to state a claim is viewed with disfavor and rarely granted. *See Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989) (reaffirmed in *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 n.4 (4th Cir. 1993)); *see generally* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 1356 and 1357 (2004 and 2005 Supplement).

**C.	Plaintiff Failed to Plead Facts of Defendants' Willful or Wanton Conduct**

Because this Court has determined that it must apply Indiana's Guest Statute, Plaintiff can only recover damages if Hanna's death was caused by the willful or wanton misconduct of Pierce. The Indiana Supreme Court has established that to be guilty of wanton misconduct within the meaning of the statute, the driver must "(1) be conscious of his misconduct; (2) be motivated by a desire to assert himself or his interests above or beyond, or in reckless indifference for, the safety of his guest, and (3) he must do so knowing that his conduct subjects them to a probability of injury." *Clouse v. Peden*, 186 N.E.2d 1, 4 (1962). The Indiana Courts use several other guidelines as well:

a. An error of judgment or a mistake standing alone, on the part of the host, will not amount

> to wanton or wilful misconduct.
> b. The host must have manifested an attitude adverse to the guest, or of 'perverseness,' in that the host must have shown he was indifferent to the consequences of his conduct.
> c. The entire course of conduct of the host leading up to the accident must be considered.
> d. The host must have had actual knowledge of danger confronting the guest.

*Mitchell by Mitchell v. Turner,* 484 N.E.2d 967, 970 (Ind. Ct. App. 1985)(citing Indiana courts applying these factors). To determine whether the defendant acted willfully or wantonly, the court should consider the defendant's "whole course of conduct leading up to the accident and the inquiry will not be confined to occurrences at the immediate time and place thereof." *Duncan v. Duncan*, 764 N.E.2d 763, 767 (Ind. Ct. App. 2002).

Plaintiff essentially argues that the fact that Pierce backed up the tractor-trailer without confirming Hanna's location behind the truck constituted wanton or willful misconduct. A review of Indiana law does not support this position. Even accepting as true Plaintiff's claim that Pierce admits he could not see Hanna while backing up the truck, this fact alone does not constitute willful or wanton behavior. In *Nesvig v. Town of Porter*, the plaintiff-pedestrian sued the defendant after he was run over by a snowplow which was backing up on a dead end street. 668 N.E.2d 1276 (Ind. Ct. App. 1996). Plaintiff argued that defendant failed to keep a "proper lookout" to determine if anyone was in his blind spot. *Id.* at 1283. The court held that the driver only checking his mirrors and assuming that pedestrians would get out of his way was not enough to constitute a reckless disregard for other's safety. *Id.* at 1284. *See also Trent v. Rodgers*, 104 N.E.2d 759, 764 (Ind. Ct. App. 1952) (failure to see the car which collided with defendant's truck alone would not constitute wanton misconduct).

In applying to this case all the relevant factors as discussed above, the Court finds that the conduct of Pierce fails to reach the level of willful or wanton. Pierce should have known that Hanna

was located somewhere behind the truck since Pierce had enlisted his help in backing up the truck. Pierce also must have known that the amount of space to maneuver the truck was limited, so not being able to see Hanna may cause alarm. However, the standard for willful and wanton is high. When looking at the entire course of conduct leading up to the accident, the facts do not suggest that Pierce exhibited any adverse attitude to Hanna. He allowed Hanna to continue traveling with him when Hanna was unable to contact his friend in Louisville, and even promised to return Hanna to the Louisville vacation after his pick up in Indianapolis. No facts are plead sufficiently claiming that Pierce knew that Hanna was in danger of being injured, and yet continued backing up. The facts in the complaint suggest only an error of judgment or a mistake on the part of Pierce.[2] This is not enough to amount to willful or wanton misconduct under the Indiana Guest Statute.

### III.  CONCLUSION

The Court finds that Plaintiff has failed to plead facts sufficient to support a claim against Defendants KLLM, Inc. and Keith Pierce. Accordingly, the Defendants motion to dismiss is **GRANTED**. The Court **DENIES as moot** Defendants' motions to transfer or stay. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:  November 15, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] In fact, Plaintiff pleads negligence through most of the Complaint. After discussing the relevant facts, Plaintiff points to several duties that Defendant supposedly breached. *See, e.g.,* Complaint at ¶19 (Defendants had a duty to maintain a reasonable lookout); *Id.* at ¶20 (Defendants had a duty to operate his vehicle in a safe and reasonable manner and to exercise reasonable care not to collide with vehicle parked next to him); *Id.* at ¶21 (Defendants breached said duties by failing to see that the way was clear before backing). Only after discussing these duties does Plaintiff make a bare assertion that "[a]s a direct and proximate result of the wilful, wanton, grossly negligent conduct of [Defendants]," Hanna was injured. *Id.* at ¶22. However, Plaintiff fails to allege any facts to support her claim of such conduct.