IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LACRECIA LEGG, an Administratrix of
the Estate of MARK SUTPHIN HANNA,

        Plaintiff,

v.                                 CIVIL ACTION NO. 2:05-0540

KLLM, INC. a Texas corporation;
GUSTAVO JIMENEZ d/b/a SOUTHWEST FREIGHTLINES,
a Texas corporation; KEITH JAMES PIERCE, an individual; and
MANUEL HERNANDEZ MEDRANO, an individual,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending is Defendants' KLLM, Inc. and Keith James Pierce's Motion to Dismiss the Amended Complaint and Cross-Claims [Docket #57]. Defendants contend Plaintiff failed to file the Amended Complaint within the two-year statute of limitations or, alternatively, the Amended Complaint does not relate back to the date of filing of the original complaint pursuant to Fed. R. Civ. P. 15(c). For the foregoing reasons, Defendants' motion is **DENIED**.

**BACKGROUND**

      This matter arises from the death of Mark Sutphin Hanna ("Hanna") on May 20, 2003. Hanna had been hitchhiking along a Tennessee road on his way to Louisville, Kentucky when he was offered a ride by Defendant Keith James Pierce ("Pierce"). Hanna rode with Pierce as he delivered his cargo in Hebron, Kentucky and received his next load in Indianapolis, Indiana. After leaving Indianapolis, Pierce drove toward Louisville to take Hanna to his desired destination.

On their way to Louisville, Pierce stopped at a rest area in Hendricks County, Indiana. Unable to park the tractor-trailer on his own, Pierce asked Hanna to assist him in guiding the vehicle into the parking spot. In the process, Hanna became pinned between the tractor-trailer driven by Pierce and another parked tractor-trailer driven by Manuel Hernandez Medrano. Hanna later died as a result of the injuries sustained.

On May 28, 2005, Lacrecia Legg, Personal Representative of Hanna's Estate, filed the original complaint in the Circuit Court of Kanawha County, West Virginia seeking damages for wrongful death. Defendants KLLM, Inc. and Keith James Pierce ("Defendants") subsequently removed the proceeding and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). This Court granted Defendants' motion on November 15, 2005, holding that the Indiana Guest Statute applied under full faith and credit and finding the Complaint failed to plead a claim of willful and wanton conduct to overcome the Indiana Guest Statute. The Court also entered a partial judgment order in favor of Defendants and ordered that judgment should be entered without delay.

On November 28, 2005, Plaintiff filed a motion to reconsider the November 15, 2005 Memorandum Opinion and Order and vacate the Partial Judgment Order. Finding that Plaintiff had failed to present any new or different legal argument, the Court denied this motion on January 4, 2006. Plaintiff appealed the partial judgment order entered on behalf of Defendants pursuant to Fed. R. Civ. P. 54(b). On November 6, 2006, the Fourth Circuit Court of Appeals dismissed the appeal, finding that this Court had not set forth clear and cogent findings why judgment should be entered without delay and therefore, it did not have jurisdiction over the matter.

On November 15, 2006, Plaintiff filed a motion seeking leave of the Court to file an amended Complaint. Defendants did not respond despite electronic service of the motion. This Court subsequently granted Plaintiff leave and Plaintiff, in turn, filed an amended Complaint. Defendants filed the present motion to dismiss shortly thereafter, arguing that (1) the two-year statute of limitations applicable to wrongful death claims in West Virginia precluded the filing of the Amended Complaint; (2) the West Virginia savings statute did not toll the two-year statute of limitations; and (3) the Amended Complaint did not relate back to the date of the original Complaint under Fed. R. Civ. P. 15(c).

## DISCUSSION

In actions involving more than one claim for relief or involving multiple parties, the Court may enter final judgment as to one or more, but not all, of the claims or parties only upon "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). If the Court believes there is no just reason for delay in the entry of judgment, it must set forth the reasons behind its decision in clear and cogent findings of fact. *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335–36 (1993).

The Fourth Circuit determined that it did not have jurisdiction to hear Plaintiff's appeal in this case because this Court did not state its reasons for Rule 54(b) certification. Therefore, a final judgment has not been entered with respect to Defendants KLLM, Inc. and Keith James Pierce and the order of dismissal in their favor is "subject to revision at any time before the entry of judgment adjudicating all the claims." *Doctor v. Seaboard Coast Line R.R. Co.*, 540 F.2d

699, 712 (4th Cir. 1976); *see also* Fed. R. Civ. P. 54(b).  *See generally* 10 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2660 (2006 Supplement).

  As this Court retains jurisdiction over this proceeding with respect to Defendants, it may permit Plaintiff to amend her Complaint in order to correct defective pleadings.  *See* 6 Wright & Miller, *Federal Practice & Procedure* § 1474.  Fed. R. Civ. P. 15(a) provides that a party may amend its pleading by leave of the court and "leave shall be freely given when justice so requires."  This rule is to be given liberal construction so that cases are decided upon the merits rather than a technical exercise in formalistic pleading requirements.  *See, e.g.*, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981).  The Court is to allow a party an opportunity to test his claim on the merits and, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave should be freely given.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Plaintiff has not demonstrated any of these factors during these proceedings.  Plaintiff timely filed a motion to reconsider pursuant to Fed. R. Civ. P. 60(b) and later filed notice of appeal.  After the Fourth Circuit Court of Appeals dismissed his appeal, Plaintiff returned to this Court seeking leave to amend.  Therefore, leave to amend was proper.

  Leave to amend may be permitted even after a motion to dismiss is granted if the party against whom the dismissal is directed can correct the defective pleading.  *See* 6 Wright & Miller, *Federal Practice & Procedure* § 1483.  In this matter, Plaintiff failed to plead Hanna's death resulted from wanton and willful conduct.  By amending its Complaint, Plaintiff

overcomes this deficiency and the parties may proceed to proper resolution of this case based on the substance of the matter.

Fed. R. Civ. P. 15(c) provides that an amended pleading relates back to the date of the original pleading when the claim asserted "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The primary consideration is whether "adequate notice is given to the opposing party by the general fact situation alleged in the original pleading." *Rosenberg v. Martin*, 478 F.2d 520, 526 (2d Cir. 1973). Amendments which merely correct technical deficiencies or restate the original claim with greater particularity satisfy this requirement. *See* 6A Wright & Miller, *Federal Practice & Procedure* § 1497. Here, Plaintiff merely corrected deficiencies within the original Complaint and offered additional factual details to support this amplification. Plaintiff offered no new claims or substantial changes such that Defendants did not have adequate notice of the event which serves as the basis of this claim. Rather, Plaintiff changed her theory of liability arising out of the same occurrence already identified. Accordingly, Plaintiff's Amended Complain relates back to the filing of the original Complaint pursuant to Fed. R. Civ. P. 15(c) and the two-year statute of limitations bar is inapplicable.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Amended Complaint and Cross-Claims [Docket #57] is **DENIED**. The Court **VACATES** the Partial Judgment Order issued in favor of Defendants KLLM, Inc. and Keith James Pierce so that Plaintiff's Amended Complaint may proceed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: May 3, 2007

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE